# UNITED STATES

*v.*

# TWENTY-FIVE BARRELS OF BEER.

San Juan, Law, No. 1398.

RE DESTRUCTION OF LIQUOR.

Volstead Act—Disposition of Bottles.

> Liquor in which there can be no property degrades the containers to the same condition as the liquor itself. When liquor is destroyed the bottles will be sold and the proceeds, less charges, paid into the treasury.

Opinion filed August 25, 1920.

*District Attorney* for the Government.

Messrs. *O. B. Frazer,* and *Jaime Sifre, Jr.,* for claimants.

HAMILTON, Judge, delivered the following opinion:

In this case, the district attorney, on behalf of the United States, on June 25, 1920, applied for the destruction of 25 barrels containing bottles of beer fit for beverage purposes, consigned by Schaefer Brewing Company to Schluter & Company, its agents in San Juan. This was opposed by an answer of

Note.—On constitutionality of statute providing for confiscation or destruction, without notice, of intoxicating liquors, and vehicles or other property used in connection with same, see note in 8 A.L.R. 888.

Schluter & Company filed August 10th, denying that the allegations are sufficient to justify the relief prayed.

No question is made upon the argument that the beer was properly seized by the prohibition director upon pier No. 2, where, prior to January 16th, it was stored by the Bull Insular Line, bringing it from the United States to the consignee, and not heretofore claimed by the consignee. It seems to be conceded that the beer was of a character violating the law and that it was subject to destruction under §§ 25 and 26 of the Volstead Prohibition Law. It was argued, however, that the bottles should be delivered to the claimant to be sold to satisfy charges.

The act is not specific on this point. The practice of this court in the destruction of liquor has been to pour it into the public sewer and to regard the bottle or other container as of no market value, this being carted off by the janitor of the Federal building. The number of bottles in the case at bar brings up the question of legal disposition. The law contemplates the existence of bottles and containers, because the liquor could not be handled otherwise, but there seems to be no mention of them or their disposition. The regulations prepared in connection with the law refer several times to containers,—as in § 95 where persons are forbidden to transfer liquor from one container to another without using a label, in § 92 where a shipper must notify the carrier of the true nature of the goods in the package or receptacle, and in § 49 referring to containers of beverages produced at dealcoholizing plants. Even such mention, however, only shows the existence and is not by way of condemning the container. An analogy may possibly be found in § 26 of the law where an officer of the law discovers "any person in the act of transporting in violation of the law intoxicating liquors

United States v. Twenty-five Barrels of Beer.

in any wagon, buggy, automobile; water or air craft, or other vehicle." The vehicle or conveyance is to be returned to the owner upon execution of a bond conditioned to return said property at the judgment of the court. The court upon conviction of the person arrested orders the liquor destroyed and the sale of the property seized, out of whose proceeds after payment of expenses shall be paid all liens according to priorities, the balance if any being paid into the United States Treasury. If no one claims such vehicle, it must be advertised once a week for two weeks and by handbills, and if no claimant appears within ten days, the property shall be sold and the net proceeds paid into the Treasury. The vehicle therefore is treated as property, subject to liens.

The case does not seem to come within the provisions relating to vehicles. A bottle has never been defined as a "vehicle." The fact seems to be that the law regards the bottle or container as identified with the liquor but in itself as negligible. If the altar sanctifies the gift upon it, it would seem that liquor in which there can be no property must degrade the container to the same condition as the liquor. The government cannot go into the business of discriminating between liquors and the bottles containing them, leaving the court to devise a system of procedure to cover such a case.

The order in this case will be that the marshal destroy the beer in question and if within ten days he receives offers to purchase the bottles he shall accept the highest bid that in his judgment is adequate, and pay the proceeds over to the Treasury, according to law, unless some application is made within ten days more to establish liens or other charges. He shall report his proceedings to the court. If no application is made for the

United States v. Twenty-five Barrels of Beer.

purchase of the bottles, they shall be disposed of in such way as seems best to avoid congesting his office.

It would seem that the duty of disposing of the liquor must carry with it that of disposing of the containers of the liquor.

It is so ordered.